# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-5662-16T3
                          A-5663-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

T.H. and J.N.,

     Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF A.N. and H.N., Minors.

_____

Submitted October 2, 2018 – Decided October 15, 2018

Before Judges Suter, Geiger and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FG-01-0027-17.

Joseph E. Krakora, Public Defender, attorney for appellant T.H. (Carol A. Weil, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant J.N. (Mark E. Kleiman, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer Russo-Belles, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Danielle Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendants T.H. and J.N.[1] appeal from the Family Part's August 11, 2017 judgment of guardianship terminating their parental rights to their daughter, A.N. born in September 2013, and son, H.N., born in April 2015. Defendants contend that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the

---

[1] Pursuant to Rule 1:38-3(d), we use initials and fictitious names to protect the confidentiality of the participants in these proceedings.

decision to terminate defendants' parental rights. Accordingly, we affirm substantially for the reasons set forth in Judge Jeffrey J. Waldman's comprehensive forty-four page written decision. We add only the following comments.

A.N. has been in the Division's custody since November 2014 and H.N. has been in the Division's custody since he was released from the hospital following his birth. In the months that followed, the Division provided multiple opportunities for defendants to reunify with their children and address long-standing substance abuse, mental health, and domestic violence issues. None of these interventions proved successful because defendants did not regularly participate in services. T.H. was non-compliant with random urine screens. J.N. has an unresolved history of anger issues. The Division determined it was necessary to request security when he was present due to his behavior when interacting with Division employees. Defendants never presented the Division with any plan for the children's care. They were unable to secure stable housing even after the Division offered to pay a security deposit. No individuals were proffered by defendants as possible caregivers for A.N. and H.N. The children have been living in their current resource home with their half-siblings, and their resource parents want to adopt them.

A-5662-16T3

The Division's expert psychologist, Dr. Alan J. Lee, conducted bonding evaluations of the children and their resource parents. Dr. Lee concluded that the children had a positive attachment to the resource parents and would be at risk of suffering severe and enduring harm if separated from them.

In his written opinion, Judge Waldman reviewed the evidence presented and thereafter concluded that: (1) the Division had proven all four prongs of the best interest test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendants' parental rights was in A.N.'s and H.N.'s best interests. In this appeal, our review of the Judge Waldman's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

J.N. contends that his due process rights were violated because the judge refused to relieve his counsel the day trial commenced.[2] This argument is

_____

[2] J.N. was represented by three different attorneys prior to trial. He did not appear on the first hearing date. The judge permitted J.N. to make a statement on his own behalf on the second day of trial.

A-5662-16T3

without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

After reviewing the record, we conclude that Judge Waldman's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable for the reasons that the judge expressed in his well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION